CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
JUN 17 2014
JULIA C. DUDLEY, CLERK
BY: /s/ ?. Clark
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

VALERIE C. GREEN,
as Administrator of the
Estate of KENTERRIOUS
L. CHRISTIAN, deceased,

and

KENYOTER Y. HOLMES,
as mother and next friend of
KE'NAJAH CHRISTIAN, a minor,

    Plaintiffs,

v.

QUALITY TRANSPORTATION,
LLC,

Registered Agent:  Ryan W. Broyles
                        282 Christian Church Road
                        Johnson City, TN  37615-4475

    Defendant.

Civil Action: 1:14CV38
JURY TRIAL REQUESTED

## COMPLAINT

Plaintiffs, for their complaint against Defendants, state as follows:

1. This is a civil action in the nature of an action at law for wrongful death pursuant to Virginia Code § 8.01-50 *et seq.*

## PARTIES

2. At all times material hereto, Plaintiff, VALERIE C. GREEN, as Administrator of the Estate of Kenterrious Christian, deceased, was citizen of the State of North Carolina.

3. Plaintiff, VALERIE C. GREEN, qualified and was duly appointed as Personal Representative (Administrator) of the Estate of Kenterrious Christian, deceased,

by the attached Letters of Administration. She is the biological mother of Kenterrious Christian.

4. At the time of his death, the decedent, KENTERRIOUS CHRISTIAN, was a citizen of the State of North Carolina.

5. At all times material hereto, Plaintiff, KENYOTER Y. HOLMES, as mother and next of friend of KE'NAJAH CHRISTIAN, a minor, was citizen of the State of South Carolina.

6. KE'NAJAH CHRISTIAN is the biological minor daughter of decedent Kenterrious Christian and mother, Kennoyoter Y. Holmes, and at all times relevant, resides and resided with her mother in the State of South Carolina, as a citizen of South Carolina.

7. Defendant QUALITY TRANSPORATION, LLC, is a citizen of the State of Tennessee, is a petroleum and liquid gas carrier, and is a limited liability company with its principle place of business in the State of Tennessee, which was authorized to do business in, and was doing business in, the State of Virginia.

## JURISDICTION

8. The amount of damages is in excess of $75,000.00

9. This Court has original jurisdiction under 28 U.S.C. § 1332.

10. This Court has jurisdiction over Defendant under Virginia Code § 8.01-328.1.A.3.

11. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2).

## CAUSE OF ACTION

12. The cause of action giving rise to this suit arose in Smyth County, Virginia.

13. On or about October 12, 2013, in Smyth County, Virginia, a 2012 Columbia Freightliner truck driven by Frank Skeens, in the course and scope of his employment with Quality Transportation, LLC, was headed southbound on I-81 near mile marker 54, when the driver swerved and overcorrected, causing the truck to turn onto its side and began to slide. The truck was hauling 8,500 gallons of gasoline.

14. At that time and place and at all times material hereto, Frank Skeens was an agent and/or employee of Quality Transportation, LLC.

15. At all times material herein, Defendant, Quality Transportation, LLC, was engaged in the hauling and transportation of liquid fuels interstate, including gasoline.

16. On or about October 12, 2013, at approximately 3:00 p.m., decedent, Kenterrious Christian was working on a roadway inspection crew on the right-hand side of I-81 as part of a construction/inspection crew. His cushion truck was parked in the right-hand lane, and at all times relevant, he had his flashing arrows activated to caution approaching traffic of the inspection crew's presence.

17. Quality Transportation, LLC, by and through its agent and/or employee Frank Skeens, is vicariously liable for the actions or inactions of its driver.

18. At all relevant times herein, it was the duty of the Defendant, by and through its agents and employees, to operate the vehicle in a safe and prudent manner and with due regard for others on the roadway, including Plaintiffs and Plaintiff's decedent; to keep a proper lookout for construction zones and all traffic; to keep the vehicle under reasonable and proper control; to maintain a safe and reasonable speed under the circumstances; and to keep the vehicle and its contents from injuring others on the road.

19. Upon information and belief, Frank Skeens, in the course and scope of his employment with Quality Transportation, LLC, did not slow down as he approached the roadway inspection crew.

20. Upon information and belief, and Frank Skeens, as an employee and/or agent of Quality Transportation, LLC, negligently failed to acknowledge the caution devices used by the road inspection crew.

21. Frank Skeens, as an employee and/or agent of Quality Transportation, LLC, ignored the caution devices, including the flashing construction arrows, that alerted other drivers to use caution and a proper lookout to what was ahead.

22. Frank Skeens, as an employee and/or agent of Quality Transportation, LLC, did not exercise ordinary care, failed to keep a proper lookout, failed to keep the 2012 Columbia Freightliner under control and failed to operate the Columbia Freightliner at a reasonable speed

23. As a direct and proximate result of this negligence, the Columbia Freightliner truck slid across both southbound lanes and into the roadway crew's cushion and then pickup truck, causing them to explode into flames.

24. 49 C.F.R. § 392.2, Applicable operating rules, provides that:

> Every commercial vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher duty of care than that law, ordinance or regulation, the federal Motor Carrier Safety Administration regulation must be complied with.

25. Frank Skeens' operation of the motor vehicle involved in this incident violated 49 C.F.R. § 392.2, or at a minimum, the applicable laws, ordinances, and regulations of the State of Virginia, as set our below.

26. 49 C.F.R. § 392.3, Ill or fatigues operator, provides in relevant part, that:

> No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

27. Upon information and belief, Frank Skeens' operation of the motor vehicle involved in this incident violated 49 C.F.R. § 392.3.

28. 49 C.F.R. § 392.14, Hazardous conditions; extreme caution, provides in relevant part, that:

> Hazardous conditions; extreme caution. Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated.

29. Frank Skeens' operation of the motor vehicle involved in this incident violated 49 C.F.R. § 392.14, in failing to reduce his speed appropriately when approaching the construction zone, which constituted a hazardous condition.

30. Virginia Code § 46.2-852. Reckless driving; general rule, states that:

> Irrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving.

31. Franks Skeens' operation of the motor vehicle violated Virginia Code §46.2-852 by being reckless or driving at a speed or in a manner so as to endanger the life, limb, or property of the decedent and other drivers and workers on I-81.

32. Virginia Code § 46.2-853. Driving a vehicle which is not under control; faulty brakes, provides that.

> A person shall be guilty of reckless driving who drives a vehicle which is not under proper control or which has inadequate or improperly adjusted brakes on any highway in the Commonwealth.

33. Upon information and belief, Frank Skeens' operation of the motor vehicle violated Virginia Code § 46.2-853 by not having proper control over the vehicle and having inadequately or improperly adjusted brakes while driving on I-81.

34. Virginia Code § 46.2-861, Driving too fast for highway and traffic conditions, provides that:

> A person shall be guilty of reckless driving who exceeds a reasonable speed under the circumstances and traffic conditions existing at the time, regardless of any posted speed limit.

35. Franks Skeens' operation of the motor vehicle violated Virginia Code § 46.2-861, by recklessly operating his vehicle at the time of the October 12, 2013 incident in excess of a reasonable speed under the circumstances and traffic conditions existing at the time.

36. Virginia Code § 46.2-862, Exceeding speed limit, provides that:

> A person shall be guilty of reckless driving who drives a motor vehicle on the highways in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit.

37. Upon information and belief, Franks Skeens' operation of the motor vehicle violated Virginia Code § 46.2-862, by driving a motor vehicle on the highway in the Commonwealth (i) at a speed of twenty miles per hour or more in excess of the applicable maximum speed limit or (ii) in excess of eighty miles per hour regardless of the applicable maximum speed limit.

38. Virginia Code § 46.2-864, reckless driving on parking lots, etc., provides in relevant part that:

> A person is guilty of reckless driving who operates any motor vehicle at a speed or in a manner so as to endanger the life, limb, or property of any person:
> ...
> 3. On any highway under construction or not yet open to the public.

39. Franks Skeens operation of the motor vehicle constituted reckless driving in violation of Virginia Code § 46.2-864, as he operated a motor vehicle at a speed or in a manner so as to endanger the life, limb, or property of a person on the highway.

40. As a direct result of the driver, Frank Skeens, and therefore, vicariously through his employer, QUALITY TRANSPORTATION, LLC, the decedent, Kenterrious Christian was severely burned in the explosion, and sustained life threatening burns to his entire body. He died en route to the hospital as a result of his injuries.

41. The decedent, Kenterrious Christian, was twenty-eight (28) years old and was in good health when he died.

42. The above described collision and subsequent death of Kentuerrious L. Christian, was the direct and proximate result of the careless, reckless and negligent operation of the Columbia truck operated by defendant Quality Transportation, LLC's driver, Frank Skeens.

43. The decedent, Kenterrious Christian, was survived by the following statutory beneficiaries: his mother, VALERIE GREEN, and his minor daughter, KE'NAJAH CHRISTIAN. These beneficiaries have suffered and will in the future suffer damages as a direct result of the death of the Plaintiff's decedent's death, including sorrow, severe mental anguish and solace by the loss of his society, companionship, comfort, guidance, kindly offices and advise; loss of income of the decedent; loss of the services, protection, care and assistance provided by the decedent; expenses for the care, treatment and hospitalization of decedent, and funeral expenses.

WHEREFORE, Plaintiffs, VALERIE C. GREEN, as Administrator of the Estate of Kenterrious Christian, deceased and KENYOTER Y. HOLMES, as mother and next friend of KE'NAJAH CHRISTIAN, a minor, demand judgment against Defendant, QUALITY

TRANSPORTATION, LLC, in the sum of FIVE MILLION DOLLARS ($5,000,000), together with interest and costs in this behalf expended.

## JURY TRIAL ELECTION

44. Trial by jury on all causes of action is hereby demanded.

Respectfully submitted,

Jimmie L. Hess, Jr. Esq) (VSB # 31100)
Conway Law Firm, P.L.L.C.
165 West Main St.
Abington, Virginia 24210
(276) 676-1000

Case 1:14-cv-00038-JPJ-PMS   Document 1   Filed 06/17/14   Page 8 of 8   Pageid#: 8